

FILED

JUN 28 2023

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

APOTEX INC.,

        Plaintiff,

        v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.,
BOEHRINGER INGELHEIM INTERNATIONAL
GMBH, BOEHRINGER INGELHEIM
CORPORATION, BOEHRINGER INGELHEIM
PHARMA GMBH & CO. KG.,

        Defendants.

**23 - 704**

Civil Action No. _____

### MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL

Plaintiff Apotex Inc. ("Apotex"), by and through its undersigned counsel, respectfully moves for an order that its Complaint for Declaratory Judgment of Patent Noninfringement ("Complaint") against Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim International GmbH, Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharma GmbH & Co. KG ("Defendants") be filed under seal because it contains Apotex's highly-sensitive manufacturing information. In support of this Motion, Apotex states as follows:

1.      While there is a presumption that judicial proceedings will be open to the public, the party seeking closure may rebut the presumption of openness by "showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

2.      Good cause for restricting access to an exhibit or judicial proceeding is "established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker*, 733 F.2d at 1071. Good cause typically exists where the redacted information

relates to "the protection of a party's interest in confidential commercial information, such as a trade secret" and where disclosure would create "a sufficient threat of irreparable harm." *Id.*; *see also Avandia*, 733 F.2d at 673 (stating that "an interest in safeguarding a trade secret may overcome a presumption of openness" (quoting *Publicker*, 733 F.2d at 1073)).

3.    Courts may deny access to and seal a document when it contains business information that could harm a litigant's competitive standing. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal records "to protect the parties' confidential proprietary business and competitive interests").

4.    Good cause exists here because Apotex is seeking to seal only paragraph 125 and Exhibit E of the Complaint, which contain excerpts from its ANDA No. 218552 (Module 3.2.S.2.2, "Description of Manufacturing Process and Process Controls")—specifically, the Complaint reveals the process by which the active pharmaceutical ingredient in Apotex's proposed ANDA product is produced.

5.    If this highly confidential information is publicly disclosed, competitors could, for example, use it as a roadmap to develop another generic linagliptin product that directly competes with Apotex's proposed ANDA product, which could potentially have a negative financial and business impact on Apotex. Further, there is no public interest in providing this highly confidential information to the public because the case involves private litigants, and there is no benefit to the public in knowing the details of Apotex's manufacturing process.

6.    In accordance with D. Del. LR 5.1.3 and the District of Delaware Administrative Procedures Governing Filing and Service by Electronic Means Section (G)(1), Apotex shall submit a redacted version of its Complaint within seven (7) days after filing of the sealed Complaint.

2

Dated:  June 28, 2023

*Of Counsel*:

William A. Rakoczy
Rachel P. Waldron
Steven J. Birkos
Greg G. Goldblatt
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 222-7543
wrakoczy@rmmslegal.com
rwaldron@rmmslegal.com
sbirkos@rmmslegal.com
ggoldblatt@rmmslegal.com

PHILLIPS, MCLAUGHLIN & HALL, P.A.,

By:  */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
mch@pgmhlaw.com


*Attorneys for Apotex Inc.*

3